IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1309-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | |
| Franklin Richardson; Rogers; and McBride, | ) | |
| Defendants | ) | |
| | | |
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1416-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | |
| Chad Binkley; Unknown Officers, | ) | |
| Defendants. | ) | |
| | | |
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1417-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | |
| Randall Fowler, Jr.; Lasley; Williams; DeGeorgis; Wantonta Golden; Jeff Bilyeu; R. Blackburn; Kenneth Myers; James Jennings; Nathan Rice, | ) | |
| Defendants. | ) | |
| | | |
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1418-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | |
| Aull; Beckett, Jr.; T. Esterline; and James Parrish, | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Robert Louis Garrett, Jr., proceeding *pro se*, filed these actions pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court on the plaintiff's motions for appointment of counsel. (C/A No. 0:18-1309, ECF No. 102; Suppl., ECF No. 107; C/A No. 0:18-1416, ECF No. 45; Suppl., ECF No. 50; C/A No. ECF No. 88; Suppl, ECF No. 90; C/A 0:18-1418, ECF No. 60; Suppl., ECF No. 61.)[1]

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the files, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied plaintiff's request for counsel. Id. Although the plaintiff cites to examples of retaliation and denial of access to the court as evidence of exceptional circumstances, such circumstances have no bearing on the type and complexity of his current cases. Rather, if the plaintiff wishes to pursue these claims, he may pursue separate actions against the individuals involved. Moreover, review of the docket does not reflect that the plaintiff has been prevented from litigating his cases; on the contrary,

---

[1] The plaintiff also moved to file a supplement to his motions. Plaintiff's motions to file supplement are granted.

PJG

the plaintiff has provided abundantly detailed filings and is clearly able to articulate his claims and address the legal issues.  Accordingly, the plaintiff's motions requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 14, 2018
Columbia, South Carolina