IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1416-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Chad Binkley; Charles M. Williams, Jr.; | ) | |
| Kevin D. Cross, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Robert Louis Garrett, Jr., a self-represented state inmate, has filed this action seeking relief pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the named defendants.  Defendant Binkley filed a motion for summary judgment on February 12, 2020, pursuant to the Federal Rules of Civil Procedure.  (ECF No. 207.)  As the plaintiff is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on February 13, 2020, advising the plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response.  (ECF No. 208.)  The plaintiff was specifically advised that if he failed to respond adequately, the defendant's motion may be granted, thereby ending his case as to the claims against that defendant.

On February 24, 2020, Garrett moved for an extension of time, alleging that he had not received the defendant's summary judgment motion.  (ECF No. 211.)  Defendant Binkley re-served his motion, and on March 12, 2020, the court extended Garrett's response deadline until April 15, 2020.  (ECF No. 217.)  The court specifically warned Garrett that failure to comply may result in dismissal of his claims as to Defendant Binkley for failure to prosecute.  (Id.); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

On March 16, 2020, the court issued Standing Order, Misc. No. 3:20-mc-105, that extended the plaintiff's deadline by twenty-one days due to the current public health emergency regarding COVID-19, making Garrett's response deadline May 6, 2020.  Despite this extension of time and notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Garrett has failed to respond to the motion.

Instead, on May 6, 2020,[1] Garrett filed an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure in which he essentially argues that he is not able to respond to the defendant's summary judgment motion because of the defendant's refusal to turn over certain documents during the course of discovery.  (ECF No. 232.)  He further argues that these documents are essential to proving and substantiating his claims, and he attaches the relevant requests for production.  (ECF Nos. 232 & 232-1.)

"The Court may defer considering a motion for summary judgment '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.' "  Keith v. Cartledge, C/A No. 1:13-1131-RMG, 2014 WL 3867838, at *1 (D.S.C. Aug. 6, 2014) (quoting Fed. R. Civ. P. 56(d)).  "To be successful on a Rule 56(d) request, a party must provide specific reasons why discovery was necessary and identify information that he believes would be adduced at discovery."  Id. (citing Mercer v. Arc of Prince Georges Cty., Inc., 532 F. App'x 392, 400 (4th Cir. 2013)).  Summary judgment should be denied or deferred where "the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986) (discussing Rule 56(f)—the precursor to Rule 56(d)).  "However, if the nonmoving party has not been diligent

---

[1] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

in pursuing discovery or if additional discovery will not create a genuine issue of material fact, a Rule 56(d) motion is properly denied." Keith, 2014 WL 3867838, at *1 (citing White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 n.2 (4th Cir. 2004); Strag v. Bd. of Trustees, Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995)); see also Crumb v. McDonald's Corp., C/A No. DKC 15-1719, 2017 WL 6055501, at *3 (D. Md. Dec. 6, 2017) (denying the plaintiff's motion to deny or defer summary judgment because the plaintiff "had the opportunity to pursue such discovery within the limits of the rules and within the discovery period set by the court's scheduling order").

Review of the docket shows that Garrett has had ample opportunity to obtain the requested documents during the normal course of discovery in this matter.[2] Garrett was clearly capable of filing a motion to compel with regard to the defendant's stated objections as to the documents at issue, but failed to properly and timely avail himself of this option. In fact, the court gave Garrett multiple extensions of time as to the discovery deadline in this case and even allowed Garrett to re-serve discovery responses and file a renewed motion to compel, as his previous motions to compel were improper and/or untimely. (See Order, ECF No. 149.) Although Garrett subsequently filed a motion to compel as to some of the requests at issue, his motion alleged that he hadn't received *any* responses to his requests for production; however, the defendant's response demonstrated that the responses had been timely served but that Garrett had yet to receive them through the mail at the time he filed his motion. (See Order, ECF No. 177.) Thus, it is clear from the record that Garrett did not properly file any motion to compel with regard to the documents he now alleges the defendant did not produce to him. Because Garrett did not avail himself of the remedies provided by the Federal Rules of Civil Procedure for obtaining these documents during

---

[2] The discovery period as to Defendant Binkley ended on September 25, 2019; the discovery period for Defendants Williams and Cross ended on May 1, 2020.

the applicable discovery period, the court cannot say that Garrett has been diligent in pursuing the discovery he now seeks. Accordingly, the court sees no basis for deferring consideration of the defendant's summary judgment motion.[3]

Accordingly, it is hereby

**ORDERED** that Garrett's Rule 56(d) request is denied. It is further

**ORDERED** that Garrett shall advise the court as to whether he wishes to continue with his claims as to Defendant Binkley and to file a response to Defendant Binkley's motion for summary judgment on or before **May 29, 2020**. Plaintiff is further advised that if he fails to respond, **his claims against Defendant Binkley will be recommended for dismissal with prejudice for failure to prosecute.** See <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). **No further extensions of this deadline will be granted absent extraordinary circumstances.**

**IT IS SO ORDERED.**

_____

May 15, 2020                                        Paige J. Gossett
Columbia, South Carolina                     UNITED STATES MAGISTRATE JUDGE

---

[3] Moreover, although Garrett generally states that the documents he seeks will "prove that [the South Carolina Department of Corrections] had a custom of subjecting their Mental Health Residents to cruel and unusual punishment, long stays in solitary confinement[,] and various forms of excessive/unnecessary force," it is not readily apparent that obtaining these documents would create a genuine issue of material fact with regard to Garrett's claims against Defendant Binkley.