IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert Louis Garrett, Jr., | ) | Case No. 0:18-cv-1416-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Chad Binkley; Charles M. Williams, Jr.; | ) | |
| Kevin D. Cross, | ) | |
| | ) | |
| Defendants. | **)** | |
| | ) | |

**ORDER**

This matter is before the court on Plaintiff's "Response and Objections to May 15, 2020 Order (Docu. # 233)." ECF No. 236. For the reasons below, the Magistrate Judge's ruling is affirmed.

1. **Procedural Posture**

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial matters. On February 12, 2020, Defendant Binkley filed a motion for summary judgment. ECF No. 207. Because Plaintiff is proceeding *pro se*, a *Roseboro* Order was mailed to Plaintiff, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 208. Plaintiff's response to Defendant's motion was due by March 19, 2020. The Magistrate Judge granted a motion for extension, as Plaintiff alleged he had not received Defendant's motion for summary judgment, and Plaintiff was given until April 15, 2020, to respond. ECF No. 217. Due to the COVID-19 pandemic, a Standing Order was issued by the court on March 16, 2020, extending existing deadlines for 21 more days, making Plaintiff's response deadline May 6, 2020. ECF No. 224.

Instead of filing a substantive response, Plaintiff filed an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, arguing he was not able to respond to the motion for summary judgment because of Defendants' refusal to produce certain documents in discovery. ECF No. 232. On May 15, 2020, the Magistrate Judge declined to defer ruling on the summary judgment motion because Plaintiff had "ample opportunity to obtain the requested documents during the normal course of discovery in this matter," but "did not avail himself of the remedies provided by the Federal Rules of Civil Procedure for obtaining these documents during the discovery period." ECF No. 233 at 3. The Magistrate Judge denied his request and ordered Plaintiff to advise the court whether he wished to continue with his claim and to file a response to the summary judgment motion by May 29, 2020. He was notified that if he failed to respond, the Magistrate Judge would recommend dismissal with prejudice as to Defendant Binkley for failure to prosecute. *Id.* at 4.

Plaintiff's objections to/appeal of the Magistrate Judge's Order were filed on June 2, 2020.[1] ECF No. 236. He requests the court "file an Order mandating that the Defendants turn over the herein referenced Discovery." *Id.* at 1. He argues he has been diligent in pursuing this discovery and Defendants have refused to produce it. He contends summary judgment is inappropriate because he has shown SCDC subjects mental health residents like himself to cruel and unusual punishment, and discovery is needed to effectively respond to the summary judgment motion. *Id.* at 5. He requests this court overrule the Magistrate Judge's order, file an order requiring

---

[1] The envelope shows this filing was received by the mail room at Turbeville on May 29, 2020. Therefore, under *Houston v. Lack*, his objections are timely.

Defendants to produce the requested documents, and give Plaintiff ample time to file a response to the summary judgment motion. *Id.*

### 2. **Standard**

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the Magistrate Judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections . . .

Fed. R. Civ. P. 72(a).

With respect to a Magistrate Judge's ruling on a nondispositive pretrial matter, a district court shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The Supreme Court has stated that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948).

### 3. **Discussion**

Plaintiff does not specify which documents he seeks from Defendants. He did set forth specific documents in his Rule 56(d) affidavit and attached Defendants' Response to Plaintiff's Third Set of Requests for Production. ECF No. 232. In their response to his requests, Defendants noted they produced some documents but objected to the production of other categories of documents as irrelevant, overly broad, and unduly burdensome. ECF No. 232-1.

3

The court agrees with the Magistrate Judge Plaintiff had ample opportunity to file motions to compel during the discovery period.  While he did file multiple motions, they did not conform to the Federal Rules of Civil Procedure and/or were premature or untimely.  See, e.g., ECF Nos. 117, 149.  It appears to the court Defendants responded to Plaintiff's Third Set of Interrogatories and Requests for Production, and Plaintiff does not point the court to any Motion to Compel timely and appropriately filed after those responses were received.[2]  The court further agrees with the Magistrate Judge that some of the documents requested, including those regarding SCDC historical treatment of mental health patients and those related to the state case decision by Judge Baxley, may not create a genuine issue of material fact as to Plaintiff's specific claims against Defendant in this case.

The court finds the Magistrate Judge's Order was not clearly erroneous or contrary to law, and therefore is affirmed.

**4.** <u>**Conclusion**</u>

The Magistrate Judge's Order at ECF No. 233 is affirmed.  Plaintiff is hereby directed to file a response to Defendant's motion for summary judgment no later than June 26, 2020.[3]  Failure to do so may lead to a finding that Plaintiff has failed to prosecute his case and may result in dismissal with prejudice as to Defendant Binkley for that reason.

---

[2] The court acknowledges Plaintiff filed a motion to compel responses to the Third Set of Interrogatories and Requests for Production, but this was denied because Defendants' responses were timely served even though not received by Plaintiff until a later date.  See ECF Nos. 164, 177.  Defendant did not file a motion to compel regarding the sufficiency of the responses after they were received.

[3] Plaintiff is reminded to respond specifically to Defendant's motion in this matter, and to address his claims related to Defendant Binkley in this case.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 9, 2020

5