IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Robert Louis Garrett, Jr.,

Plaintiff,

v.

Chad Binkley; Charles M. Williams, Jr.; Kevin D. Cross,

Defendants.

Case No. 0:18-cv-1416-CMC

**ORDER**

This matter is before the court on Defendants' Motions for Summary Judgment. ECF Nos. 207 (Binkley motion), 263 (Williams and Cross motion). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial matters. Because Plaintiff is proceeding *pro se*, *Roseboro* Orders were mailed to Plaintiff, advising him of the importance of the dispositive motions and the need to file adequate responses. ECF Nos. 208, 265.

Plaintiff's response to Defendant Binkley's motion was due by March 19, 2020, including the three additional days because Plaintiff was served by mail. The Magistrate Judge granted Plaintiff's first motion for extension (ECF No. 211), as Plaintiff alleged he had not received Defendants' motion for summary judgment, and Plaintiff was given until April 15, 2020, to respond. ECF No. 217.[1] Due to the COVID-19 pandemic, a Standing Order was issued by the court on March 16, 2020, extending existing deadlines for 21 more days, making Plaintiff's response deadline May 6, 2020. ECF No. 224.

[1] In this Docket Text Order, Plaintiff was warned that failure to comply with the court's order that he file a response by April 15, 2020, may result in dismissal of the Complaint. *Id.*

Instead of filing a substantive response, Plaintiff filed an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, arguing he was not able to respond to the motion for summary judgment because of Defendants' refusal to produce certain documents in discovery. ECF No. 232. On May 15, 2020, the Magistrate Judge declined to defer ruling on the summary judgment motion because Plaintiff had "ample opportunity to obtain the requested documents during the normal course of discovery in this matter," but "did not avail himself of the remedies provided by the Federal Rules of Civil Procedure for obtaining these documents during the discovery period." ECF No. 233 at 3. The Magistrate Judge therefore denied his request to defer ruling on the motion for summary judgment and ordered Plaintiff to advise the court whether he wished to continue with his case and to file a response to the summary judgment motion by May 29, 2020. He was notified that if he failed to respond, the Magistrate Judge would recommend dismissal with prejudice for failure to prosecute. *Id.* at 4.

Plaintiff appealed the Magistrate Judge's Order to this court. ECF No. 236. He requested the court "file an Order mandating that the Defendants turn over the herein referenced Discovery." *Id.* at 1. He argued he had been diligent in pursuing this discovery and Defendants had refused to produce it. He contended summary judgment was inappropriate because he had shown SCDC subjects mental health residents like himself to cruel and unusual punishment, and discovery was needed to effectively respond to the summary judgment motion. *Id.* at 5. He requested this court overrule the Magistrate Judge's order, file an order requiring Defendants to produce the requested documents, and give Plaintiff ample time to file a response to the summary judgment motion. *Id.*

The Magistrate Judge's Order at ECF No. 233 was affirmed by this court, and Plaintiff was directed to file a response to Defendants' motion for summary judgment no later than June 26,

2020.[2] ECF No. 241. This court warned a failure to do so may lead to a finding that Plaintiff failed to prosecute his case and may result in dismissal with prejudice for that reason. *Id.*

On July 1, 2020, Plaintiff filed an additional motion for extension of time to respond to the Motion for Summary Judgment. ECF No. 247. The Magistrate Judge granted that motion, and extended Plaintiff's deadline to August 25, 2020. ECF No. 248. Plaintiff was directed "to act diligently and file the best response he can to Defendants' motion by that date with the resources available to him." *Id.* While the Magistrate Judge recognized "the many delays and complications caused by the current COVID-19 pandemic, it also note[d] that Plaintiff ha[d] been given over four months to prepare a response, and the pandemic does not warrant indefinite delay." *Id.* On August 31, 2020, the court received Plaintiff's next motion for extension of time. ECF No. 257. The Magistrate Judge entered a Docket Text Order on September 4, 2020, stating "Plaintiff must comply with the [July 6, 2020] order and file a response to Defendant's Motion for Summary Judgment by October 2, 2020. Plaintiff is warned that if he fails to file a response, this action may be decided on the record presented in support of the defendants' motion, or may be recommended for dismissal for failure to prosecute." ECF No. 258.

While Defendant Binkley's motion was pending, Defendants Williams and Cross filed multiple motions for extensions of their dispositive motion deadline.[3] ECF Nos. 235, 243, 251. These were granted, and the deadline for such a motion was ultimately set for August 4, 2020. ECF No. 252. On September 4, 2020, the Magistrate Judge entered a text order directing the

---

[2] Plaintiff was reminded to respond specifically to Defendant Binkley's motion in this matter, and to address his claims related only to that Defendant.

[3] Due to service of the Complaint on the Defendants at different times, the dispositive motions deadlines were different.

parties to inform the court in writing of the status of the case on or before September 11, 2020, and to advise the court whether the case is ready for trial. ECF No. 259. Defendants Cross and Williams filed the status report (explaining the deadline for dispositive motions had been mis-calendared by mistake), a motion for extension, and a motion for summary judgment on September 11. ECF No. 262, 263, 264. This final extension was granted (ECF No. 267) and a *Roseboro* Order was entered directing Plaintiff to respond to the motion for summary judgment by October 18, 2020, including three mailing days (ECF No. 265).

No timely response was received, and on October 23, 2020, the Magistrate Judge entered an Order directing Plaintiff to advise whether he wished to continue this case and to file a response to the motion for summary judgment by November 6, 2020. ECF No. 271. He was specifically advised failure to respond would subject his claims against Williams and Cross to dismissal for failure to prosecute. *Id.* On November 12, 2020, Plaintiff filed an additional motion for extension of time. ECF No. 274.

On November 18, 2020, the Magistrate Judge issued an Order denying Plaintiff's motion for extension of time and a Report recommending both motions for summary judgment be granted on the merits of Plaintiff's excessive force claim against Defendants Binkley, Williams, and Cross. ECF No. 275. Objections to the Report were due December 5, 2020, including three mailing days. *Id.* Plaintiff has not filed objections and the deadline to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the complaint, the motions, the applicable law, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. The court notes Plaintiff has received numerous extensions to file responses to the summary judgment motions, but has failed to so respond. He was also warned, several times, of the possibility that his case would be dismissed or ruled on the merits without a response if he failed to file a substantive response, and was directed to respond to the motions with the resources available to him. *See, e.g.*, ECF Nos. 248, 258. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Defendants' motions for summary judgment (ECF Nos. 207, 263) are granted, and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 23, 2020